# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| M.K. CHAMBERS COMPANY, a Michigan corporation; GERALD D. CHAMBERS, an individual; and ROBERT W. CHAMBERS, an individual, <br><br> Plaintiffs, <br> v. <br><br> KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; SETH D. HARRIS, Acting Secretary of the United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR; JACOB J. LEW, Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> Defendants. | Case No.: 13-cv-11379-DPH-MJH <br><br> Judge Denise Page Hood <br><br> Magistrate Judge Michael J. Hluchaniuk |

## MOTION AND BRIEF OF THE AMERICAN CIVIL LIBERTIES UNION AND THE AMERICAN CIVIL LIBERTIES UNION FUND OF MICHIGAN FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

The American Civil Liberties Union and the American Civil Liberties Union Fund of Michigan (collectively the "ACLU") file this motion for leave to file an *amicus curiae* brief for the reasons that follow, and based on the attached brief in support:

1. The ACLU is a nonprofit, nonpartisan organization dedicated to protecting the fundamental liberties and basic civil rights guaranteed by the U.S. Constitution. The ACLU Fund of Michigan is the legal and educational wing of the ACLU of Michigan, and an affiliate of the national ACLU. The national ACLU has over 500,000 members.

2.     The ACLU is well-positioned to submit an *amicus* brief in this case. The ACLU has a long history of defending religious liberty, including defending the right of individuals to freely practice their religion or no religion. *See, e.g.*, *Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp. 2d 683 (E.D. Mich. 2008) (holding that a Catholic man's rights were violated when he was sent to jail for asking a drug court judge to remove him from a drug rehabilitation program that coerced him into practicing the Pentecostal faith).[1] At the same time, the ACLU protects women's rights and reproductive freedom. *See, e.g.*, *Northland Family Planning Clinic v. Cox*, 487 F.3d 323 (6th Cir. 2007) (holding unconstitutional a ban on almost all abortions).[2]

3.     Most relevant to this case, the ACLU filed comments with the federal government about the constitutionality of the federal rule at issue in this case.[3] The ACLU has also filed similar *amicus* briefs in other challenges to the federal contraception rule, including in Michigan. *See, e.g., Autocam Corp. v. Sebelius,* No. 12-CV- 1096-RJJ (W.D. Mich.) (*amicus* status granted on Nov. 14, 2012); *Weingartz Supply Co. v. Sebelius*, No. 12-CV-12061-RHC-MJH (E.D. Mich.) (*amicus* status granted on Sept. 17, 2012).

4.     Moreover, the ACLU filed *amicus* briefs in two cases challenging, on religious exercise grounds, state statutes requiring contraception coverage. In both cases, the statutes were upheld. *See Catholic Charities of Diocese of Albany v. Serio*, 859 N.E.2d 459 (N.Y. 2006); *Catholic Charities of Sacramento, Inc. v. Super. Ct.*, 85 P.3d 67 (Cal. 2004).

---

[1] For a full history of the ACLU's free exercise work see http://www.aclu.org/aclu-defense-religious-practice-and-expression.

[2] More information about the ACLU's reproductive freedom work can be found at http://www.aclu.org/reproductive-freedom.

[3] Available at http://www.aclu.org/reproductive-freedom/aclu-comments-department-health-and-human-services-regarding-contraception.

5.	The proposed brief would aid this Court by providing a historical context for this case, including the long line of cases that have rejected the use of religion to discriminate against others and to deny rights, benefits, and services.

6.	Pursuant to Local Rule 7.1(a), the ACLU has contacted the parties' counsel to seek concurrence. The plaintiffs do not concur with the filing of this motion, and the defendants take no position on this motion.

7.	If this motion is granted, the ACLU will file the brief attached as Exhibit A.

WHEREFORE, for the foregoing reasons, and for the reasons stated in the accompanying brief, the ACLU respectfully requests that this Court grant this motion to allow the ACLU file the attached brief, *amicus curiae*.

>	Respectfully submitted,
>
>	/s/ Michael J. Steinberg
>	Michael J. Steinberg (P43085)
>	Genevieve E. Scott
>	American Civil Liberties Union Fund of Michigan
>	2966 Woodward Avenue
>	Detroit, MI 48201
>	(313) 578-6814
>	msteinberg@aclumich.org
>	gscott@aclumich.org
>
>	/s/ Daniel Mach
>	Daniel Mach (*admission pending*)
>	American Civil Liberties Union Foundation
>	915 15th St., NW, 6th Floor
>	Washington, DC  20005
>	(202) 675-2330
>	dmach@aclu.org
>
>	/s/ Jennifer Lee
>	Jennifer Lee (*admission pending*)
>	American Civil Liberties Union Foundation
>	125 Broad Street, 18th Floor
>	New York, NY 10004
>	(212) 549-2601

jlee@aclu.org

Dated:   May 24, 2013

2:13-cv-11379-DPH-MJH  Doc # 26  Filed 05/24/13  Pg 4 of 8  Pg ID 522

4

## BRIEF IN SUPPORT OF ACLU'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Pursuant to Local Rule 7.1(d), the ACLU submits this brief in support of its motion for leave to file an *amicus curiae* brief. Whether to grant a motion for leave to file an *amicus* brief is in the sound discretion of the Court. *See, e.g., Northland Family Planning Clinic v. Cox*, 394 F. Supp. 2d 978, 990 (E.D. Mich. 2005) (Hood, J.) (granting leave to anti-abortion organization and individuals to file *amici* briefs in a constitutional challenge to an abortion restriction); *Bay Cnty. Democratic Party v. Land*, 347 F. Supp. 2d 404, 438 (E.D. Mich. 2004) (allowing *amicus* brief with no discussion). The ACLU has frequently been granted leave to file *amicus curiae* briefs in this Court. *See, e.g., Freedom from Religion Found. v. City of Warren*, 873 F. Supp. 2d 850 (E.D. Mich. 2012); *Doe v. Sturdivant*, No. 05-70869, 2005 WL 2769000, * 3 (E.D. Mich. Oct. 25, 2005); *Everson v. Mich. Dep't of Corrections*, 222 F. Supp. 2d 864 (E.D. Mich. 2002); *Thomason v. Jernigan*, 770 F. Supp. 1195, 1196 (E.D. Mich. 1991).

In one case, this Court engaged in some analysis when granting leave to the Detroit Free Press to file an *amicus curiae* brief. This Court granted leave in that case in part because the *amicus* brief "offers a unique perspective and analysis of the" underlying statute at issue in the case. *Flagg v. City of Detroit*, 252 F.R.D. 346, 360 n.28 (E.D. Mich. 2008). The same is true here. As discussed in the accompanying motion, the ACLU does not repeat the identical arguments of any party but rather provides a broad view of the legal issues presented in this case, including a historical perspective.

Furthermore, this Court in *Flagg* also allowed the Free Press to participate as *amicus* because of their interest in the case. *Id*. The ACLU has a significant interest in the outcome of this case and in the other cases across the country that are seeking invalidation of the federal contraception rule. As discussed in the accompanying motion, the ACLU has a long history of

5

protecting the right to free exercise of religion and protecting the right of women to be free from discrimination.  The intersection of these and other civil liberties issues make the ACLU uniquely positioned to offer an *amicus* brief here.  Indeed, the ACLU has been granted *amicus* status in other challenges to the contraception rule in Michigan, as discussed in the Motion for Leave, and in two prior cases challenging state statutes requiring contraception coverage.  *See Catholic Charities of Diocese of Albany v. Serio*, 859 N.E.2d 459 (N.Y. 2006); *Catholic Charities of Sacramento, Inc. v. Super. Ct.*, 85 P.3d 67 (Cal. 2004).  Moreover, as a membership organization, the ACLU has an interest in ensuring that the federal contraception rule is upheld, which will benefit our members.

Accordingly, the ACLU respectfully requests that this Court grant leave to allow the ACLU to participate as *amicus curiae* and file the attached brief.

Respectfully submitted,

/s/Michael J. Steinberg
Michael J. Steinberg (P43085)
Genevieve E. Scott
American Civil Liberties Union Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6814
msteinberg@aclumich.org
gscott@aclumich.org

/s/ Daniel Mach
Daniel Mach (*admission pending*)
ACLU Program on Freedom of Religion and Belief
915 15th St., 6th Floor
Washington, DC  20005
(202) 675-2330
dmach@dcaclu.org

/s/ Jennifer Lee
Jennifer Lee (*admission pending*)
American Civil Liberties Union
125 Broad Street, 18th Floor

                                        New York, NY 10004
                                        (212) 549-260
                                        jlee@aclu.org

Dated: May 24, 2013

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 24, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

                                                      /s/ Genevieve E. Scott
                                                      Genevieve E. Scott